**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLENN SALAZAR and MARIO JUAREZ AGUILAR *on behalf of themselves, FLSA Collective Plaintiffs, and the Class,*<br>　　　　　Plaintiffs<br>　v.<br><br>THE BAHCHE, INC.<br>　　　d/b/a BISON & BOURBON,<br>MEHMET VURGUN, and<br>YEHOSHUA SHAGALOV,<br><br>　　　　　Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

　　　　Plaintiffs GLENN SALAZAR and MARIO JUAREZ AGUILAR ("Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs, and the Class, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants THE BAHCHE, INC. d/b/a BISON & BOURBON, ("Corporate Defendant"), MEHMET VURGUN, and YEHOSHUA SHAGALOV ("Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

　　　　1.　　Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid wages,

1

including overtime, due to time shaving, (2) unpaid wages due to invalid tip credit, (3) illegally retained gratuities, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiffs allege, pursuant to the New York Labor Law ("NYLL"), that they are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) unpaid wages due to invalid tip credit, (3) illegally retained gratuities, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, GLENN SALAZAR, is a resident of Queens County, New York.

6. Plaintiff, MARIO JUAREZ AGUILAR, is a resident of Queens County, New York.

7. At all times relevant to this action, Defendants own and operate a restaurant as a single integrated enterprise under the trade name "Bison & Bourbon" in the state of New York. Defendants own and operate the Restaurants at: 191 7th Street, Brooklyn, NY 11215 (the "Restaurant").

8. Corporate Defendant THE BAHCHE, INC. d/b/a BISON & BOURBON is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service located at 191 7th Street, Brooklyn, NY 11215.

9. Individual Defendant MEHMET VURGUN is a principal and owner of the Corporate Defendant. MEHMET VURGUN exercises operational control as it relates to all

employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. MEHMET VURGUN frequently visits the Restaurant. MEHMET VURGUN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to MEHMET VURGUN directly regarding any of the terms of their employment, and MEHMET VURGUN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MEHMET VURGUN exercised functional control over the business and financial operations of the Corporate Defendant. MEHMET VURGUN had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

10. Individual Defendant YEHOSHUA SHAGALOV is a principal and owner of the Corporate Defendant. YEHOSHUA SHAGALOV exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. YEHOSHUA SHAGALOV frequently visits the Restaurant. YEHOSHUA SHAGALOV exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to YEHOSHUA SHAGALOV directly regarding any of the terms of their employment, and YEHOSHUA SHAGALOV would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or

hiring such employees. YEHOSHUA SHAGALOV exercised functional control over the business and financial operations of the Corporate Defendant. YEHOSHUA SHAGALOV had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class Members, and could reprimand employees.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, busboys, barbacks, bartenders, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, due to a policy of time shaving. A subcollective of FLSA Collective Plaintiffs have a claim for (i) unpaid wages, including those from an

improperly deducted tip credit, and (ii) for illegally retained tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, busboys, barbacks, bartenders, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more

than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, servers, food runners, barbacks, and bartenders ("Tipped Subclass") who also number more than forty (40). All Plaintiffs are a member of both the Class and the Tipped Subclass.

19. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same Defendants' corporate practices of (i) failing to pay proper wages, including overtime due to time shaving, (ii) failing to provide Class Members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

20. With regards to Plaintiffs and the Tipped Subclass, Defendants also failed to pay them the proper wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiffs and the Tipped Subclass suffered from Defendants' failure to pay wages due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (iii) implemented an invalid tip pooling scheme in which managers illegally retained tips, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

21. Plaintiffs claim that Defendants illegally retained gratuities because they were subject to a tip pooling scheme where non-tipped employees participated in the tip pool. Further,

6

Plaintiffs claim that Managers illegally retain tips, as Plaintiffs received about the same in tips each week independent of customers served.

22.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

    a. Whether Defendants employed Plaintiffs and the Class Members within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class Members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class Members for their work;

d. Whether Defendants properly notified Plaintiffs and the Class Members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiffs and Class Members the proper wage for all hours worked;

f. Whether Defendants paid Plaintiffs and Class Members the proper overtime compensation under the NYLL;

g. Whether Defendants caused time shaving by paying Plaintiffs and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

h. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

j. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of each workweek;

k. Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

l. Whether Defendants established an invalid tip pooling arrangement by illegally including non-tipped employees, including managers, in the tip pool;

m. Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which Plaintiffs and the Tipped Subclass did not agree to;

    n. Whether Defendants retained any portion of the gratuities for their tipped employees;

    o. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL; and

    p. Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL.

## STATEMENT OF FACTS

**Plaintiff GLENN SALAZAR**

27. In or around March 13, 2018, Plaintiff SALAZAR was hired by Defendants to work as a busboy and food runner. Plaintiff's employment with Defendants was terminated in or around May 6, 2021.

28. From the start of Plaintiff's employment until the end of his employment, Plaintiff worked from 6:00 p.m. to 12:00 a.m. In the months of October to February, Plaintiff worked six (6) days per week, and in the months of March to September, Plaintiff worked five (5) days per week, for a total of thirty (30) to thirty-six (36) hours per week.

29. From the start of his employment until the end of his employment, Plaintiff was paid the prevailing tipped minimum wage.

**Plaintiff MARIO JUAREZ AGUILAR**

30. In or around June 2018, Plaintiff AGUILAR was hired by Defendants to work as a busboy. Plaintiff's employment with Defendants was terminated in or around March 2020.

31. From the start of Plaintiff's employment until the end of his employment, Plaintiff worked five (5) days per week, from 6:00 p.m. to 12:00 a.m., for a total of thirty (30) hours per week.

32. From the start of his employment until the end of his employment, Plaintiff was paid the prevailing tipped minimum wage.

33. Throughout their employment with Defendants, Plaintiffs would often arrive to work and clock in thirty (30) minutes prior to the start of their shift, and/or clock out thirty (30) minutes after their shift ended. During this time, Plaintiffs were directed by Defendants to perform side work, preparation, and other work. Although Plaintiffs were clocked in and out for the additional work, Plaintiffs were never paid for the additional time they spent working, and were only paid for their scheduled time.

34. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class Members were not paid for all hours worked due to Defendants' policy of time shaving. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class Members the proper wages, including overtime for all actual hours worked.

35. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class Members were not properly paid overtime premium for hours worked more than forty (40) hours per week due to Defendants' policy of time shaving. Defendants knowingly and willfully failed to fully pay Plaintiff, FLSA Collective Plaintiffs and Class Members the proper overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek.

36. Although Plaintiffs were paid the prevailing tipped minimum wage during their employment with Defendants, they were made to engage in non-tipped activities as part of their work duties, such as cleaning, rolling silverware, polishing glasses, setting tables, and preparing

11

garnishes for drinks. These non-tipped duties accounted for twenty percent (20%) of each workweek.

37. Plaintiffs also suffered from Defendants' invalid tip pooling arrangement. Defendants implemented a policy where Plaintiffs were subject to a tip pool to which they did not agree, which was set by and enforced by Defendants, through which non-tipped employees, including management, participated in the tip pool. Defendants failed to maintain tip sheets and failed to inform Plaintiffs their respective tip pool contribution. Furthermore, regardless of the workload and the number of customers, the weekly tip amounts did not vary. Lastly, when Plaintiffs worked a catering or private event, Defendants unlawfully retained their earned gratuities, where they gave Plaintiffs a flat payment in lieu of the actual gratuities earned.

38. At all relevant times, Plaintiffs, a subcollective of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs, a subcollective of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (iii) implemented an invalid tip pooling scheme in which managers illegally retained tips, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

39. During Plaintiffs' employment with Defendants, Plaintiffs, subcollective of FLSA Collective Plaintiffs, and the Tipped Subclass were required to engage more than 20% of their working time in non-tipped related activities, such as cleaning, rolling silverware, polishing

glasses, setting tables, and preparing garnishes for drinks. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

40. Plaintiffs and other tipped employees did not receive notice that Defendants were taking a tip credit, in violation of the NYLL. In addition, Plaintiffs and the other tipped employees did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay. Therefore, any purported tip credit taken by Defendants with respect to Plaintiffs and/or tipped employees is invalid.

41. Plaintiffs, a subcollective of FLSA Collective Plaintiffs, and the Tipped Subclass suffered from Defendants' retention of gratuities through Defendants' invalid tip pooling arrangement. Defendants implemented a policy at the Restaurants where Plaintiffs and other non-exempt tipped employees were subject to a tip pool they did not agree to, which was set by and enforced by Defendants, wherein non-tipped employees, including managers, participated in the tip pool. As a result, Defendants illegally retained tips through the tip pooling arrangement by retaining a portion of the tips to be distributed to Defendants' managers. Such improper tip pooling policy invalidates Defendants' tip credit allowance.

42. At all relevant times, Plaintiff's, a subcollective of FLSA Collective Plaintiffs and the Tipped Subclass's weekly earned tips remained substantially the same regardless of how busy a week they had. Managers and owners improperly failed to pass on all gratuities that properly belonged to the Plaintiffs, a subcollective of FLSA Collective Plaintiffs, and Tipped Subclass.

43. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs, FLSA Collective Plaintiffs and Class Members for all hours worked, including overtime for hours worked over forty (40) due to a policy of time shaving.

44. Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage notices at hiring and annually thereafter. Plaintiffs and Class Members did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants failed to reflect the actual number of hours worked and also failed to provide Tipped Subclass Members with proper pay stubs reflecting the tip credit claimed by for each pay period.

46. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiffs reallege and incorporates all the above allegations as if fully set forth herein.

48. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

50. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.

51. Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, rendering the tip credit invalid in respect of all tipped employees.

52. At all relevant times, Defendants failed to pay compensation, including overtime, at the statutory rate of time-and-one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek due to Defendants' time shaving policy.

53. At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip pooling scheme in which non-tipped employees who did not serve customers retained a portion of the tips, included managers in the tip pool, and did not keep an accurate and accessible record of all tips contributed to the tip pool by each and every tipped employee.

54. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiffs and FLSA Collective Plaintiffs for every hour they worked, including regular hours and overtime hours.

56. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

57. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, for off-the-clock work caused by time shaving, unpaid wages due to invalid tip credit, damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

59. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

60. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

61. At all relevant times, Plaintiffs and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

62. Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay them overtime compensation at the rate of not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

63. At all relevant times, the Defendants engaged in a policy of time shaving, refusing to compensate Plaintiffs and Class Members for all of their hours that they worked each week.

64. Defendants willfully violated Plaintiffs and Class Members' rights by failing to pay them proper wages in the lawful amount for hours worked because Defendants were not entitled to claim any tip credits.

65. Defendants willfully violated Plaintiffs and the Class Members' rights by instituting an illegal tip pooling scheme in which Class Members were required to share tips with non-tipped employees, including management. In doing so, Defendants willfully deprived Plaintiffs and Class Members of their lawfully earned wages.

66. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including off-the-clock work caused by time shaving and tips illegally withheld from Plaintiffs and Class Members.

67. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

68. Due to the Defendants' NYLL violations, Plaintiffs and Class Members are entitled to recover from Defendants unpaid wages, including overtime, for off-the-clock work caused by time shaving, unpaid wages due to invalid tip credit, damages representing disgorgement of

illegally retained tips, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation, including compensation due to Defendants' policy of time shaving, due under the FLSA and the NYLL;

d. An award of unpaid wages due under the FLSA and the NYLL, including those due to an invalid tip credit;

e. An award equal to the amount of the improperly retained tips withheld by Defendants;

f. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay all wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to 29 U.S.C. § 216;

    i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work pursuant to the NYLL;

    j. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    k. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

    l. Designation of this action as a class action pursuant to FRCP 23;

    m. Designation of Plaintiffs as Representatives of Class; and

    n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: September 21, 2021

Respectfully submitted,

By:    */s/ C.K. Lee*
       C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs,*
*and the Class*