```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
GLENN SALAZAR, MARIO JUAREZ            :
AGUILAR, BRIANNE FLOOD, and            :
PETER GARCIA,                          :
                                       :
                  Plaintiffs,          :
                                       :
      -against-                        :
                                       :                    ORDER
                                       :
THE BAHCHE, INC. d/b/a Bison &         :              21 Civ. 5257 (AMD) (VMS)
Bourbon, MEHMET VURGUN,                :
YEHOSHUA SHAGALOV, SHNEUR              :
MINSKY, and LIOR HACHMON,              :
                                       :
                  Defendants.          :
-------------------------------------------------------- x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Glenn Salazar, Mario Juarez Aguilar, Brianne Flood and Peter Garcia (collectively, "Plaintiffs") moved for sanctions pursuant to the Court's inherent power to sanction and 28 U.S.C. § 1927 in relation to the actions of Defendants Mehmet Vurgun and Yehoshua Shagalov ("Individual Defendants"), along with their former counsel (collectively with Individual Defendants, the "Defense"), in informing Plaintiffs of arbitration agreements purportedly covering their claims and allegedly failing to pay a portion of the arbitration fees. Plaintiffs' motion for sanctions is denied. Plaintiffs related request for leave to notify all B&B employees of the purported invalidity of their arbitration agreements, see Mot. for Sanctions, ECF No. 30 at 4, is also denied.[1]

---

[1] Former Counsel's request for sanctions pursuant to Fed. R. Civ. P. 11(c)(2), see Opp. to Mot. for Sanctions, ECF No. 32 at 4, is denied, as the request fails to comply with the Rule's procedural requirements. See Fed. R. Civ. P. 11(c)(2) (stating that "[a] motion for sanctions must be made separately from any other motion" and "must be served under Rule 5" and providing for a 21-day safe harbor).

I.     BACKGROUND

On September 21, 2021, Plaintiffs instituted this action against Defendants The Bache, Inc. d/b/a Bison & Bourbon ("B&B") and Individual Defendants (collectively, "Defendants"), asserting claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and violations of the New York Labor Law, N.Y. Lab. Law §§ 1 et seq. ("NYLL"). See generally Compl., ECF No. 1.[2, 3]

On December 13, 2021, Plaintiffs informed the Court of their intention to voluntarily dismiss the action without prejudice, as Individual Defendants had apprised Plaintiffs of executed arbitration agreements covering the asserted claims. See Letter, ECF No. 17.  Mr. Salazar and Mr. Juarez Aguilar filed a notice of dismissal without prejudice on December 30, 2021, see Notice of Dismissal, ECF No. 19-2, along with copies of Plaintiffs' four arbitration agreements, see Arbitration Agreements, ECF No. 19-1.  Upon the District Court's Order, see 1/3/2022 Order, on January 5, 2022, Plaintiffs filed an amended notice of dismissal without prejudice, adding Ms. Flood and Mr. Garcia.  See Amended Notice of Dismissal, ECF No. 20-2. The District Court so-ordered the amended notice of dismissal without prejudice on January 6, 2022.  See 1/6/2022 Order.  The Clerk of Court effectuated the termination of the action on January 13, 2022.  See 1/13/2022 Dkt. Entry.

On March 28, 2022, Plaintiffs filed a motion to reopen the case, as the arbitration proceedings were closed purportedly due to Individual Defendants' non-payment of their portion

---

[2] The complaint is styled as an FLSA collective action and an NYLL class action.  See generally id.

[3] On May 12, 2022, Plaintiffs filed an amended complaint, also naming as Defendants Shneur Minsky and Lior Hachmon ("Added Defendants").  See generally Amended Compl., ECF No. 23.  This Order does not pertain to Added Defendants.

2

of the filing fees.  <u>See</u> Mot. to Reopen Case, ECF No. 21.  The District Court referred the motion to the undersigned.  <u>See</u> 3/29/2022 Order.  This Court ordered Plaintiffs and Individual Defendants to confer regarding Plaintiffs' motion and to file a joint letter certifying their compliance with the Order; stating whether the parties reached an agreement as to a planned course of action in arbitration or litigation; and, if no agreement was reached, providing the parties' respective positions as to whether Individual Defendants waived the right to arbitrate.  <u>See</u> 4/25/2022 Order.  The parties' filed a responsive letter that, among other things, certified their compliance with the Order, stated that the parties had agreed to reopen the case, and contained Plaintiffs' request for a pre-motion conference pertaining to a motion for sanctions.  <u>See generally</u> Letter, ECF No. 22.  The Court granted the motion to reopen the case.  <u>See</u> 5/12/2022 Order.  The Court also urged counsel to confer in good faith regarding the planned motion for sanctions and set a briefing schedule.  <u>See id.</u>

 Plaintiffs filed a motion for sanctions against the Defense.  <u>See generally</u> Mot. for Sanctions, ECF No. 30.  In view of the Former Counsel's pending motion to withdraw as counsel, <u>see generally</u> ECF No. 27, the Court stayed, among other things, the deadline for Individual Defendants to oppose the motion through the July 7, 2022 hearing on the motion to withdraw as counsel, <u>see</u> 6/3/2022 Order.  Former Counsel filed an opposition to the motion for sanctions on his own behalf and reserved the right to file an opposition on behalf of Individual Defendants as well in the event of the denial of his motion to withdraw as counsel.  <u>See generally</u> Opp. to Mot. for Sanctions, ECF No. 32.  Plaintiffs replied.  <u>See generally</u> Reply to Opp. to Mot. for Sanctions, ECF No. 33.  The Court subsequently granted Former Counsel's motion to withdraw as counsel.  <u>See</u> 7/7/2022 Order.  Individual Defendants have not opposed the motion for sanctions, although the Court notes they have not retained new counsel and have represented

themselves on the merits of this action.  Plaintiffs supplemented their motion with billing records.  See generally Supp. to Mot. for Sanctions, ECF No. 37.

## II.     DISCUSSION

Plaintiffs seek sanctions against the Defense pursuant to the Court's inherent power to sanction and 28 U.S.C. § 1927, see Mot. for Sanctions, ECF No. 30 at 2-3, which provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

To impose sanctions under either framework, the Court must find that clear evidence proves that the conduct complained of (1) was entirely without color and (2) was motivated by improper purposes.  See Huebner v. Midland Credit Mgmt., Ind., 897 F.3d 42, 55 (2d Cir. 2018) (reasoning that, "[t]o impose sanctions under [§ 1927], a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay," the latter of which may be inferred "when a party undertakes frivolous actions that are completely without merit" (citations & quotations omitted)); Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009) (stating that "inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes," where the former is conduct that "lacks any legal or factual basis," as opposed to having "some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue"; where the latter "requires a specific finding that an attorney acted in bad faith"; and where both the former and the latter "must be supported by a high degree of specificity in the factual findings" (citations omitted)).

4

Plaintiffs have not proffered clear evidence that the conduct of the Defense was entirely without color. Plaintiffs complain that the Defense (1) "advis[ed] Plaintiffs' counsel of the existence of the executed arbitration agreements between the parties and represent[ed] to the Court and Plaintiffs that Plaintiffs were required to pursue their claims in arbitration" and (2) then failed to pay their portion of the fees required to arbitrate. Mot. for Sanctions, ECF No. 30 at 3.

As to the disclosure of the arbitration agreements, that the Defense apprised Plaintiffs of agreements governing Plaintiffs' claims in this action is not an action entirely without color, or without legal or factual basis. A diligent inquiry by Plaintiffs' counsel prior to filing this action should have revealed the existence of these agreements. As to a factual basis, the arbitration agreements entered into by Plaintiffs and B&B provide that "you and the Company[4] agree that any legal dispute or controversy covered by this Agreement . . . shall be resolved by binding arbitration." Arbitration Agreements, ECF No. 19-1 at 2, 5, 8, 11.[5] Plaintiffs agreed with the position that arbitration was required. See, e.g., Letter, ECF No. 17 (stating that the Defense "recently provided Plaintiffs with executed arbitration agreements" and that, as a result, "Plaintiffs intend to seek appropriate relief through arbitration" and dismiss the action without prejudice"); Letter, ECF No. 20 (stating "that Plaintiffs are voluntarily dismissing this matter as to all Plaintiffs . . . and . . . are proceeding in arbitration for all Plaintiffs"). As to a legal basis, the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., favors enforcement of agreements to arbitrate.

---

[4] The "Company" is defined as "The Bahche, Inc. d/b/a Bison & Bourbon." Arbitration Agreements, ECF No. 19-1 at 2, 5, 8, 11.

[5] Two of the four arbitration agreements filed by Plaintiffs are nearly illegible, but the Court presumes that each of the four arbitration agreements is identical. See generally Arbitration Agreements, ECF No. 19-1.

See 9 U.S.C. § 2 (stating that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); Gingras v. Think Finance, Inc., 922 F.3d 112, 126 (2d Cir. 2019) (stating that "[t]he Federal Arbitration Act ('FAA') expresses a preference for enforcing arbitration clauses, save upon such grounds as exist at law or in equity for the revocation of any contract" (citation & quotations omitted)).

      As to the non-payment of arbitration fees, that the Defense failed to pay their portion of the arbitration fees is not action without color and potentially sanctionable conduct but rather, it could have reflected an alleged breach of the arbitration agreements by Individual Defendants or the Company.[6] A plain reading of the arbitration agreements reveals, however, that B&B, not Individual Defendants or, of course, the Former Counsel, was responsible for the costs of arbitration beyond the amount of a filing fee to commence litigation. See Arbitration Agreements, ECF No. 19-1 at 2, 5, 8, 11 (stating that "[y]ou and the Company shall follow the AAA rules applicable to initial filing fees, but in no event will you be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted," and that "[t]he Company otherwise shall pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees"). The arbitration agreements do not provide for individual owners, principals or managers

---

[6] Former Counsel states that "The Bahche, Inc. . . . appears to still own and operate the Bison & Bourbon restaurant," of which Individual Defendants are not the current owners or operators. Opp. to Mot. for Sanctions, ECF No. 32 at 4 n.3.

to pay arbitration fees.  Plaintiffs' position is thus contrary to the arbitration agreements.  <u>Compare</u> Mot. for Sanctions, ECF No. 30 at 3 (stating that "[t]he conduct of [the Defense] . . . was without color, as [they] . . . had no factual basis to believe they were not required to pay their share of arbitration filing fees to AAA") <u>to</u> Arbitration Agreements, ECF No. 19-1 at 2, 5, 8, 11.

Plaintiffs have not proffered clear evidence that the conduct of the Defense was undertaken in bad faith and motivated by improper purposes.  Plaintiffs contend that the Defense's actions "in this case, which first prompted Plaintiffs' voluntary dismissal, followed by [their] . . . inaction in the arbitration cases to pay their required share of fees, are evidence that [their] . . . conduct was sufficiently outrageous to have been planned with some improper purpose in mind, such as delaying litigation." Mot. for Sanctions, ECF No. 30 at 3.  The Court finds Plaintiffs' conclusory assertions unpersuasive.  The Defense offers an explanation supported by facts.  Former Counsel's explanation for the non-payment of fees was repeatedly relayed to Plaintiffs' counsel — namely, that Individual Defendants preferred not to "have the case to [sic] proceed in arbitration because the costs were exorbitant[,] and the Individual Defendants were in difficult financial situations and could not bear the cost of arbitration." Opp. to Mot. for Sanctions, ECF No. 32 at 2.  It is worth noting that the record does not show Plaintiffs attempted to initiate arbitration against the corporate entity, which the arbitration agreements charge with paying most of the filing fees.

Even if Individual Defendants had defaulted on an obligation to pay a certain portion of the arbitration fees, which is questionable given the language of the arbitration agreements, such a default would not rise to the level of bad faith of the Defense.  <u>See</u> <u>Polit v. Global Foods Int'l Corp.</u>, 14 Civ. 7360 (JO), 2016 WL 632251, at *1-2 (S.D.N.Y. Feb. 17, 2016) (considering an

FLSA, NYLL, and Wage Theft Prevention Act action in which the court granted the defendant's motion to compel arbitration and dismissed action without prejudice; recounting that the defendant failed to pay its portion of the arbitration fees, which caused the termination of the arbitration proceedings; granting the plaintiff's motion to reopen the case pursuant to Fed. R. Civ. P. 60(b)(6) and the FAA, while noting that the plaintiff "offers no evidence of misconduct" and "only evidence of default by" the defendant; and denying the plaintiff's motion for sanctions (citations omitted)).  There is no evidence in this case that the appearing Individual Defendants have sought to delay the case.  They have participated in discovery and mediation.  See 11/10/2022 Dkt. Entry; Letter, ECF No. 44; 2/2/2023 Dkt. Entry.

### III.   CONCLUSION

For the reasons stated above, Plaintiffs' motion for sanctions is denied.  Plaintiffs related request for leave to notify all B&B employees of the purported invalidity of their arbitration agreements, see Mot. for Sanctions, ECF No. 30 at 4, is denied, as the request is without merit because this case continues to be a single plaintiff case, and there is no evidence that the arbitration agreements are invalid.  Former Counsel's request for sanctions pursuant to Fed. R. Civ. P. 11(c)(2), see Opp. to Mot. for Sanctions, ECF No. 32 at 4, is denied, as the request fails to comply with the Rule's procedural requirements.  See Fed. R. Civ. P. 11(c)(2) (stating that "[a] motion for sanctions must be made separately from any other motion" and "must be served under Rule 5" and providing for a 21-day safe harbor).

Dated: Brooklyn, New York
March 3, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge